## Fahnestock *versus* Wilson.

The Act of June 11th 1879 relating to mechanic's liens and authorizing the amendment of the same must be construed to act prospectively. The act confers important rights on the claimant, and subjects the building to additional liabilities and its owner to increased risks, and as it is not therefore purely remedial it cannot be held applicable to cases pending at its passage.

October 4th 1880.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1880, No. 202.

Scire facias sur mechanics' lien, issued by R. H. Wilson, a subcontractor, against B. L. Fahnestock, owner, and A. J. Fair, contractor.

The claim was "for paint and materials as set forth in the bill hereto attached, done and furnished within six months past for and about the erection and construction of the buildings hereinafter described." The bill of particulars referred to was as follows :

Allegheny City, October 6th 1876.

Mr. A. J. FAIR, for B. L. FAHNESTOCK,
    To R. H. WILSON, Dr., late of the firm of J. & R. H. WILSON, House and Sign Painter, No. 147 Federal Street.

July 26.  To painting and glazing warehouses on Fourth
            Avenue for B. L. Fahnestock, by contract,    $880.00
            11 lights of glass, extra, 12 + 36, 50c.    .    .    5.50
            To painting three sky-lights, extra, $3 each,  .    9.00
                                                            _____
                                                            $894.50

On the 18th of April 1877 Fahnestock filed an affidavit of defence, wherein he denied the validity of the first item in the above bill and admitted the other two, and tendered a judgment for $4.84 with interest from October 1st 1876, and on the 30th of June 1877 he moved to strike off the first item on the ground of its insufficiency, which motion the court refused. A scire facias then issued, and on December 20th 1878, in response to a rule to plead, Fahnestock demurred to the first item of $880, and averred that it was insufficient in law, "because the same does not set out the nature or kind of work done, or the kind and amount of materials furnished and the time when the materials were furnished, as required by the Act of Assembly. And as to the other two items in said lien, said defendant again tenders judgment for $5.10, being the amount for which judgment was tendered in his affidavit of defence, filed April 18th 1877, with costs up to the time of filing said affidavit."

The court overruled the demurrer, when the defendant pleaded

[*Fahnestock v.* Wilson.]

specially and set forth the insufficiency of the item objected to. On the 19th of June 1879 (after the case was at issue, but before it was called for trial) the court made the following order which was entered on the mechanics' lien docket:

"June 19th 1879, on motion of A. C. Patterson, attorney for the plaintiff, leave is granted to the plaintiff to amend his bill of particulars in lien filed in the above case and more fully itemize the materials and work embraced in the lien in the above case."

On the 27th of June 1879, without any further order of court, the plaintiff's attorney filed the following:

"Supplemental bill of items as authorized to file by leave of court granted in No. 37, July Term, 1877, under the Act of Assembly of 1879.          A. C. PATTERSON,
                                   Attorney for plaintiff.
                                        July 26th 1876.

Mr. A. J. FAIR, for B. L. FAHNESTOCK's Building,
                    To R. H. WILSON, Dr.
1876.

| | | | | | |
|---|---|---|---|---|---|
| July 26th | 21 Panes of Plate Glass for buildings, | . | . | . | $625.00 |
| " | " | Pittsburgh Glass for Sky-light, | . | . | 35.00 |
| " | " | Paints, Oils, &c., | . | . | 165.00 |
| " | " | To 18¼ days' work, | . | . | 55.00 |
| " | " | To re-glazing 11 lights of Glass, 50c. each, | . | | 5.50 |
| " | " | To painting old Sky-lights, . | . | . | 9.00 |
| | | | | | $894.50 |
| " | " | Cr. by 500 lbs. of White Lead, | . | . | 50.00 |
| | | | | | $844.50 |

                              R. H. WILSON,
                    Per A. C. PATTERSON, his attorney."

Before the trial, defendant's counsel moved to strike out the above bill as having been filed without authority of law, but the court refused the motion.

The cause came on to be tried on the 15th of April 1880, before Ewing, P. J., and a jury. There were no facts in dispute, and it being admitted that the lien as originally filed was fatally defective, counsel on both sides agreed on a special verdict, raising the questions (1) whether the amendment of June 27th 1879, was properly allowed, and (2) whether the lien as amended was sufficient.

The court decided both these questions in favor of plaintiff, and directed judgment to be entered on the verdict. The defendant, Fahnestock, took this writ and assigned this action of the court for error.

*Rodgers & Oliver*, for plaintiff in error.—The disputed item was

[Fahnestock v. Wilson.]

incurably defective until the date of the Act of June 11th 1879, Pamph. L. 122. That act can be given a prospective effect only: McCoy's Appeal, 1 Wright 125; Sutton v. Clark et al., 7 W. N. C. 437; Ashman v. McIlvaine, 8 Id. 309. The act can only be construed as retrospective by reading into it words referring to past time, and so doing violence to the rules of construction, and to the property and constitutional rights of defendant: Lambertson et al. v. Hogan, 2 Barr 22; Potter's Dwarris on Stats. 162; McCabe v. Emerson, 6 Harris 111; Bates v. Koch, 6 Barr 476; Becker's Appeal, 3 Casey 55; West Branch Boom Co. v. Dodge, 7 Id. 285; Ogle v. Somerset & Mt. P. Turnpike Co., 13 S. & R. 256. This act if retrospective would operate both on the right and the remedy in a pending action: Lefevre v. Witmer, 10 Barr 505–6; Schoneman v. Fegley, 2 Harris 379; Underwood v. Lilly, 10 S. & R. 101. Even the amended specification of items is insufficient under, Lee v. Burke, supra; Russell v. Bell, supra; Shields v. Garrett, 5 W. N. C. 120.

A. C. Patterson, for defendant in error.—The operation of the statute in this case is retroactive and should be construed as similar acts have been, so as to advance and render effective the remedy the law-maker has provided, as the court held in the case of the Commonwealth v. Dillon, 11 P. F. Smith 488. The preamble and the language of the whole act lead us at once to the fact that the legislature designed by its enactment to extend the right of claimants in mechanic's lien, just as it did when it enacted the Act of 1806, whereby it introduced a system of amendments into the pleadings and trials of other causes.

Mr. Justice TRUNKEY delivered the opinion of the court, October 18th 1880.

The claim was filed, October 13th 1876, and was defective. Therefore, by the terms of the statute which created the lien, it expired at the end of six months from the time the work was done and materials were furnished. More than two years after the lien died an attempt was made to restore it to life by an amendment. Whether it was competent for the court to revive the lien is the first question reserved.

A mechanic's lien on a building is entirely statutory—a privilege not of common right—and is in addition to the common-law remedies which belong to all citizens. While the lien continues, and after it falls, the claimant, notwithstanding his special boon, is entitled to the same remedies as other laborers and vendors for recovery of his debt. These remedies remain whether the claim filed be perfect or faulty, or none be filed at all. The favor is not merely a remedy by suit, it is a lien on property from the commencement of the work—a valuable right, preferring the claimant

[Fahnestock *v.* Wilson.]

before other creditors, and often compelling one man to pay another's debt. Its enforcement is by proceeding *in rem.* Where the claimant is a sub-contractor, it is no defence for the owner of the building to show that he has fully paid the party with whom he contracted. Such a right, existing at the time the work was done or material furnished, cannot be taken from the claimant by repeal of the statute, nor impaired by pretence of changing remedies. It has been repeatedly held that the legislature has no power to take away vested rights. Like principle forbids imposing the corresponding liability on specific property, or its owner, where they are free. A defunct lien drops from the property, leaving it free as if the lien had never attached.

Prior to the Act of June 11th 1879, Pamph. L. 122, no contract was made with reference to its provisions; since, of course, it is altogether different. That act is now a part of the Mechanics' Lien Law. In one sense it is remedial, in another it confers an important right on the claimant, and subjects the building to additional liabilities, and its owner to increased risks. Just to the extent of these rights and liabilities is the act more than remedial. If applicable to claims which existed before its enactment, this case illustrates its operation, namely, the resurrection of a lien and placing it upon a building and appurtenant land so that the owner must lose his property or pay a debt he never contracted. Aside from any constitutional question, the act comes within the rule, "that a statute shall always be interpreted so as to operate prospectively and not retrospectively, unless the language is so clear as to preclude all question of the intention of the legislature." "Retrospective laws generally if not universally work injustice, and ought to be so construed only when the mandate of the legislature is imperative:" Taylor *v.* Mitchell, 7 P. F. Smith 209. A statute will not be held unconstitutional if it admit of an interpretation not in conflict with the Constitution. Were this act purely remedial it might be held applicable to cases pending at its passage. Its language is by no means imperative that it shall be retroactive, and without violence may be construed to operate prospectively only. This must have been the legislative intent.

The first reserved question being decided in the negative disposes of the case, and we express no opinion upon the second.

Judgment reversed, and now judgment in favor of the plaintiff for $5.86 with interest from date of verdict, and costs accrued up to April 18th 1877.